**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-00788-001-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Danny Wise, | |
| Defendant. | |

Defendant Danny Wise believes the United States "intentionally, willfully, and deliberately violated" an agreement by destroying records that had been seized from Wise's businesses. Wise seeks a "hearing to ascertain why the United States . . . . destroyed [his] property." (Doc. 145 at 2). Wise has not identified the legal basis for his request and the usual basis for requests of this sort does not allow for any relief in the present circumstances. Therefore, Wise's motion will be denied.

From June 2005 to December 2008, Wise worked as a certified public accountant. *State v. Wise*, No. 1 CA-CR 13-0888, 2015 WL 6696899, at *1 (Ariz. Ct. App. Nov. 3, 2015). In that role, he told numerous clients he had prepared and filed tax returns on their behalf. Wise then directed those clients to reimburse him for amounts he had allegedly paid to the Internal Revenue Service and state tax agencies. His clients did so but Wise had not, in fact, made any payments to the taxing authorities. In total, Wise stole close to $1 million from his clients.

In 2008, Chapter 7 bankruptcy petitions were filed against Wise and his businesses.

And in December 2009, the State of Arizona indicted Wise for eight counts of fraud and 22 counts of theft based on his fraudulent tax return scheme. That fraudulent scheme, however, was not Wise's only alleged criminal activity.

In April 2012—while his state charges were still pending—Wise was indicted by a federal grand jury for 44 counts of mail fraud, 14 counts of wire fraud, and 44 counts of money laundering. Those charges stemmed from completely distinct criminal activities involving a Ponzi scheme operated by Wise. In 2013, before the federal charges could proceed to trial, Wise was convicted in state court and sentenced to 35 years in prison. The state court conviction prompted Wise and the United States to enter into a "Statute of Limitations Waiver Agreement." According to that agreement, the United States would dismiss the federal charges without prejudice but if Wise's state court convictions or sentences were "reversed or abrogated," the United States would have six months to indict Wise again and Wise would not raise the statute of limitations as a defense. Crucially, the agreement also stated the United States would "retain or return to defendant all records currently being held by the United States in the Federal Case until the direct appeal in the State Case is concluded."

The "records" referenced in the agreement consisted of material that had been seized by the Scottsdale Police Department from Wise's businesses. That material had been transferred to the bankruptcy trustee and, in 2014, the trustee had transferred the material to the Postal Service for use in the federal case against Wise. Thus, the statute of limitations agreement required the United States "retain or return to [Wise]" all that material until the direct appeal in the state proceedings was complete. The agreement did not, however, specify what was to become of the material once the direct appeal was complete.

In November 2015, the Arizona Court of Appeals affirmed Wise's state court convictions. Approximately 22 months later, in August 2017, the Postal Service destroyed the material it had been holding. Before doing so, the Postal Service contacted the bankruptcy trustee and the Scottsdale Police to see if either wished to take possession of the material. Neither did.

In April 2019, Wise filed a "Motion for Order to Show Cause" in this federal criminal case. That motion seeks a hearing to determine why the United States breached the statute of limitations agreement by destroying the material held by the Postal Service. The United States opposes that motion, arguing it did not breach the agreement because the material was destroyed after the direct appeal concluded. The United States also argues Wise did not own the material at the time it was destroyed and has no basis for complaining of its destruction. In his reply, Wise reiterates that the destruction of the material violated the agreement but he also alleges the destruction violated his constitutional rights. Wise requests the Court schedule "a hearing to resolve the [United States' alleged] misconduct."

Wise has not identified the legal basis for his motion and the Court is unsure how to categorize the motion. The most plausible categorization is that Wise is attempting to invoke Federal Rule of Criminal Procedure 41(g). That rule allows any "person aggrieved . . . by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). Such motions can be filed in pending or closed criminal cases. But when, as here, the motion is filed in a closed criminal case, the Court must treat the motion as a civil complaint. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The government's opposition can then be treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008). If the motion cannot be denied under the 12(b)(6) approach, there may need to be additional proceedings, such as a motion for summary judgment or proceedings to resolve disputed factual issues. *Id.* at 1008.

In this case, the Court need not explore the procedural complexities for resolving Wise's motion in much detail because the motion suffers from a very basic flaw. Rule 41(g) allows for a court to direct the government to return property to its owner. But "where, as here, the subject property has been lost or destroyed, Rule 41(g) is silent as to what alternative relief, if any, the movant may seek." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012). Rule 41(g) does not authorize the award of money damages in the event the property has been lost or destroyed. *Id.* at 1140. This is true despite the

potential "injustice to someone losing valuable goods" as "there may be no remedy to cure even a flagrant destruction of those goods." *Id.*

In the present case, there is no dispute that the material at issue was destroyed long ago. Thus, it is impossible to order the return of that material. And because Rule 41(g) does not authorize the award of money damages, there appears to be no remedy available for Wise to pursue. At the very least, Wise has not identified any plausible form of relief he might obtain. It would be futile, therefore, to grant Wise's request for a hearing to discuss the destruction of the material. Wise's motion will be denied.

Accordingly,

**IT IS ORDERED** the Motion for Order to Show Cause (Doc. 145) is **DENIED**.

Dated this 30th day of May, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge